# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY ABSTON, | 1:08-cv-01483-SMS (HC) |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF RESPONDENT, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |
| v. | |
| TINA HORNBECK, Warden | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

## BACKGROUND

On April 10, 2007, Petitioner pled nolo contendere to voluntary manslaughter (Cal. Penal Code[2] § 192) with personal use of a deadly weapon (§ 12022(b)(1)); driving under the influence of alcohol or drugs causing injury (Cal. Veh. Code § 23153(a)) with two enhancements; and failing to report an accident (Cal. Veh. Code § 20001(b)(1)).  (Lodged Doc. No. 9, at p.8; Lodged

---

[1] Respondent correctly submits that Tina Hornbeck is the current Warden of Valley State Prison for Women, where Petitioner is presently housed.  Therefore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Warden Hornbeck is substituted in place of former Warden Kent Eichenberger.  See Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

[2] All further statutory references are to the California Penal Code unless otherwise indicated.

1

1  Doc. No. 14.) Petitioner also admitted a prior prison term. Petitioner was sentenced to a total
2  term of sixteen years and four months in state prison. (Lodged Doc. No. 10.)
3       Petitioner did not file a direct appeal to the California Court of Appeal.
4       However, on December 26, 2007, Petitioner filed a Petition for Writ of Habeas Corpus in
5  the Fresno County Superior Court, which was denied on January 30, 2008. (Lodged Doc. Nos. 1-
6  2.)
7       On April 23, 2008, Petitioner filed a Petition for Review in the California Court of
8  Appeal, Fifth Appellate District. The petition was dismissed because it involved an appeal from
9  a nonappealable order pursuant to People v. Ryan, 118 Cal.App.2d 144, 149 (1953). (Lodged
10 Doc. Nos. 3, 5.)
11      On August 15, 2008, Petitioner filed a Petition for Review in the California Supreme
12 Court, which was denied on October 1, 2008. (Lodged Doc. Nos. 6-7.)
13      Petitioner filed the instant federal petition for writ of habeas corpus on September 17,
14 2008, in the United States District Court for the Northern District of California, which was
15 subsequently transferred to this Court. (Court Docs. 1, 3.)
16      Respondent filed an answer to the petition on February 3, 2009, and Petitioner filed a
17 traverse on March 13, 2009. (Court Docs. 18 & 21.)

18                              STATEMENT OF FACTS
19      Because Petitioner pled nolo contendere to the charges set forth in the Amended
20 Information, there is no factual basis for the crimes in the record. In any event, the factual
21 circumstances are not relevant to the disposition of the instant petition.

22                                    DISCUSSION
23 A.   Jurisdiction
24      Relief by way of a petition for writ of habeas corpus extends to a person in custody
25 pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws
26 or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor,
27 529 U.S. 362, 375, 120 S.Ct. 1495, 1504, n.7 (2000). Petitioner asserts that he suffered
28 violations of his rights as guaranteed by the U.S. Constitution. The challenged conviction arises

out of the Fresno County Superior Court, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997; Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

B.   Standard of Review

Where a petitioner files his federal habeas petition after the effective date of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), he can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary to" federal law if it "applies a rule that contradicts governing law set forth in [Supreme Court] cases" or "confronts a set of facts that are materially indistinguishable from" a Supreme Court case, yet reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005) citing Williams (Terry) v. Taylor, 529 U.S. 362, 405-06 (2000). A state court decision will involve an "unreasonable application of" federal law only if it is "objectively unreasonable." Id., quoting Williams, 529 U.S. at 409-10; Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) (*per curiam*). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1175 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceedings, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). Both subsections (d)(2) and (e)(1) of § 2254 apply to findings of historical or pure fact, not mixed questions of fact and law. See Lambert v. Blodgett, 393 F.3d 943, 976-77 (2004).

Courts further review the last reasoned state court opinion. See Ylst v. Nunnemaker, 501 U.S. 979, 803 (1991). However, where the state court decided an issue on the merits but provided no reasoned decision, courts conduct "an independent review of the record . . . to determine whether the state court [was objectively unreasonable] in its application of controlling federal law." Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000). "[A]lthough we independently review the record, we still defer to the state court's ultimate decisions." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).

C.    Ineffective Assistance of Counsel

Petitioner contends that a conflict arose between her appointed counsel and she was denied effective assistance. Petitioner's claim is completely conclusory in nature. However, to the extent Petitioner seeks to raise claims relating to pre-plea matters, it is foreclosed.

The United States Supreme Court, in Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602 (1973), held that when "a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."

By pleading guilty, a defendant waives the right to a jury trial, to confront one's accusers, to compel the attendance of witnesses, and generally to challenge the evidence that he committed the offense. See Boykin, 395 U.S. 238, 89 S.Ct. 1709. Typically, one who enters a valid guilty plea, cannot on habeas corpus challenge pre-plea constitutional violations. Tollett v. Henderson, 411 U.S. 258, 266-67, 93 S.Ct. 1602 (1973); see also Moran v. Godinez, 57 F.3d 690, 700 (9th Cir.1994) ("As a general rule, one who voluntarily pleads guilty to a criminal charge may not

4

subsequently seek federal habeas relief on the basis of pre-plea constitutional violations"). Such a Petitioner may only contend that his guilty plea was not voluntary and intelligent (see e.g., Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 369 (1985); Boykin v. Alabama, 395 U.S. 238, 242-43, 89 S.Ct. 1709, 1711-12 (1969)) or challenge the assistance of counsel under the Sixth Amendment. See e.g., McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449 (1970); Tollett, 411 U.S. at 267, 93 S.Ct. at 1608; Hudson, 760 F.2d at 1030. Thus, Petitioner is precluded from raising these issues in a federal petition for writ of habeas corpus. Tollett, 411 U.S. at 267.

To the extent Petitioner claims that her plea was not voluntary and knowing because counsel did not advise her of the consequences of such plea, it is without merit.[3]

The law governing ineffective assistance of counsel claims is clearly established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d). Canales v. Roe, 151 F.3d 1226, 1229 (9th Cir. 1998.) In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court must consider two factors. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994). First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances. Id. at 688; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995). Judicial scrutiny of counsel's performance is highly deferential. A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable

---

[3] Although Respondent addressed the claims on the merits, he initially argues that they are unexhausted because they were presented to the California Supreme Court by way of petition for review of an appeal of a denial of a state habeas corpus petition. (Lodged Doc. Nos. 4, 5, 6.) Notwithstanding Petitioner's failure to exhaust the instant claims, it is clear the claims fail on the merits. See 28 U.S.C. § 2254(b)(2); Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005) (a federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim.).

1  professional assistance.  <u>Strickland</u>, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); <u>Sanders v.
2  Ratelle</u>, 21 F.3d 1446, 1456 (9th Cir.1994).

3     Second, the petitioner must show that counsel's errors were so egregious as to deprive
4  defendant of a fair trial, one whose result is reliable.  <u>Strickland</u>, 466 U.S. at 688.  The court must
5  also evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's
6  ineffectiveness.  <u>Id</u>.; <u>Quintero-Barraza</u>, 78 F.3d at 1345; <u>United States v. Palomba</u>, 31 F.3d 1356,
7  1461 (9th Cir. 1994).  More precisely, petitioner must show that (1) his attorney's performance
8  was unreasonable under prevailing professional norms, and, unless prejudice is presumed, that
9  (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result would
10 have been different.

11    A court need not determine whether counsel's performance was deficient before
12 examining the prejudice suffered by the petitioner as a result of the alleged deficiencies.
13 <u>Strickland</u>, 466 U.S. 668, 697, 104 S.Ct. 2052, 2074 (1984).  Since it is necessary to prove
14 prejudice, any deficiency that does not result in prejudice must necessarily fail.

15    Ineffective assistance of counsel claims are analyzed under the "unreasonable
16 application" prong of <u>Williams v. Taylor</u>, 529 U.S. 362 (2000).  <u>Weighall v. Middle</u>, 215 F.3d
17 1058, 1062 (2000).  To prevail on a claim of ineffective assistance of counsel arising out of the
18 plea process, petitioner must demonstrate both counsel's incompetence and a reasonable
19 probability that, but for counsel's errors, he would not have pleaded guilt.  <u>Hill v. Lockhart</u>, 474
20 U.S. 52, 58-59 (1985).

21    Petitioner's claim of ineffective assistance is completely conclusory in nature.  Petitioner
22 fails to describe, much less demonstrate, that counsel rendered deficient assistance.  To the extent
23 Petitioner contends that she was not fully apprised of the consequences of her plea, the record
24 clearly refutes such claim.  At the change of plea hearing, the following exchange occurred:

> [DEFENSE COUNSEL]: . . . On behalf of Ms. Abston, acknowledge receipt of the first amended information, her name is correctly set forth as Nancy Susan Abston.  At this time she is prepared to enter pleas of no contest to count 1, Penal Code Section 192(a).  She will be admitting the enhancement under Penal Code Section 12022.1.  She'll also enter a plea of no contest to Count 2, Vehicle Code Section 23153(a), admitting the two enhancements for GBI, Penal Code Section 12022.7(a).  In addition, she will enter a plea of no contest to count 3 of

|   |   |
|---|---|
| 1 | Vehicle Code Section 2001(b)(1), and finally, she'll be admitting a prison prior with a conviction date of 1-14-2002 for P.C. 32 in Fresno Superior Court case number 6581326. |
| 2 | |
| 3 | [PROSECUTOR]: And Judge, just for the record, the amended information is for purposes of this plea, and secondly, we're looking at a total stipulated term of 16 years, 4 months, as evidenced in the waiver form, as well the misdemeanor as a paper commitment. |
| 4 | |
| 5 | THE COURT: Yes, I understand. |

1 Vehicle Code Section 2001(b)(1), and finally, she'll be admitting a prison prior
2 with a conviction date of 1-14-2002 for P.C. 32 in Fresno Superior Court case number 6581326.
3 [PROSECUTOR]: And Judge, just for the record, the amended information is for purposes of this plea, and secondly, we're looking at a total
4 stipulated term of 16 years, 4 months, as evidenced in the waiver form, as well the misdemeanor as a paper commitment.
5 THE COURT: Yes, I understand.
   [PETITIONER]: You've heard what's been said in regards to your case by
6 the attorneys. Is that, in fact, what you want to do is enter your plea under those terms and conditions?
7 [PETITIONER]: Yes, Sir.

..................................................................................................................
8 THE COURT: Back on the record on the Abston case. [Petitioner], we already went through the plea agreement with you on the record, and the court has
9 also received now a Felony Advisement Waiver of Rights and Plea form. Are your initials and your signature on that form?
10 [PETITIONER]: Yes, Sir.
    THE COURT: Have you had enough time to discuss this case with your
11 attorney.
    [PETITIONER]: Yes, Your Honor.
12 THE COURT: Did you attorney advise you of your statutory and constitutional rights?
13 [PETITIONER]: Yes, Your Honor.
    THE COURT: Did you understand those rights?
14 [PETITIONER]: Yes, Your Honor.
    THE COURT: Specifically, do you understand that you have a right to
15 have a speedy public jury or court trial?
    [PETITIONER]: Yes, Your Honor.
16 THE COURT: Do you now give up that right?
    [PETITIONER]: Yes, Your Honor.
17 THE COURT: At your trial you would have the right to see, hear and question the witnesses against you. Do you understand that right?
18 [PETITIONER]: Yes, Your Honor.
    THE COURT: Do you now give up that right?
19 [PETITIONER]: Yes, Your Honor.
    THE COURT: You also have the right against self-incrimination, that is
20 the right not to say anything that can be used against yourself. Do you understand that right?
21 [PETITIONER]: Yes, Your Honor.
    THE COURT: Do you now give up that right?
22 [PETITIONER]: Yes, Your Honor.
    THE COURT: Further, you have the right to present evidence on your own
23 behalf, including testifying on your own behalf, if you so choose. Do you understand that right?
24 [PETITIONER]: Yes, Your Honor.
    THE COURT: Do you now give up that right?
25 [PETITIONER]: Yes, Your Honor.
    THE COURT: Do you understand the nature consequences [sic] of the
26 charges against you?
    [PETITIONER]: Yes, Your Honor.
27 THE COURT: Do you understand that if you are not a citizen of the United States, your plea will result in your deportation, exclusion from admission
28 or a denial of naturalization in the United States?

7

1       [PETITIONER]: Yes, Your Honor.
        THE COURT: Simply stated, do you understand everything that you're
2   doing here today?
        [PETITIONER]: Yes, Your Honor.
3       THE COURT: Do you fully understand the rights and consequences that
    are set forth on the waiver of appellate rights that your attorney has handed me
4   earlier this morning?
        [PETITIONER]: Yes, Your Honor.

(Lodged Doc. No. 11, RT at 1-5.)  Thereafter, Petitioner pled no contest to voluntary manslaughter while driving an automobile under the influence of alcohol and/or drugs (§§ 192(a), 12022.1; Ca. Veh. Code § 23153(a)); personal infliction of great bodily injury against two other individuals (§ 12022.7(a)); and willful and unlawful failure to immediately stop the vehicle at the scene of the accident (Ca. Veh. Code § 20001(b)(1). (Id. at 6-7.)  Petitioner also admitted that she had previously been convicted of a felony and served a prison term. (Id. at 7.)

In light of the above exchange between Petitioner and the trial court, Petitioner's claim that she was "coerced into taking a plea bargain" and there was a "lack of communication" is completely unfounded.  Petitioner acknowledged that she had sufficient time to go over the plea agreement with her attorney, she understood all of her statutory and constitutional rights including, right to a speedy trial, right against self-incrimination, and to present evidence on her own behalf, and she freely gave up those rights.  She further acknowledged that she understood the nature and consequences of the charges against her.  In addition, Petitioner signed the waiver of Appellate Rights form which included that she understood her stipulated and non-negotiable sentence was for 16 years and 4 months in prison, in lieu of the potential 15 years to life in prison without the possibility of parole if convicted on Count One of the Information.  (Lodged Doc. No. 10.)  Moreover, she acknowledged that she had "not been made any promises other than those contained in the plea agreement with the People" and she had "not been threatened in any way or coerced in any fashion to waive [her] appellate rights." (Id.)

Petitioner cannot now, on collateral review, present generalized allegations in an attempt to overcome her solemn declarations in open court.  Representations of the defendant at a plea hearing, as well as any findings made by the judge accepting the plea, constitute a "formidable

barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). "Solemn declarations in open court carry a strong presumption of verity." Id. Petitioner's guilty plea is valid unless he can demonstrate that it was induced by threats, misrepresentation, or by other improper promises. Brady v. United States, 397 U.S. 742, 755 (1970).

Furthermore, Petitioner fails to make a sufficient showing that she would not have otherwise entered the plea. Indeed, Petitioner received a favorable sentence pursuant to the plea agreement. As advised, Petitioner faced a mandatory 15-years-to-life sentence on count one only, not to mention the additional time for counts two and three. Thus, Petitioner received a sufficient bargain by the 16 years and 4 months term. The record is replete with full advisement of the consequences to pleading no-contest and supports the finding that Petitioner voluntarily and intelligently entered such pleas to the charges set forth in the Amended Petition. Accordingly, Petitioner's claim that trial counsel rendered ineffective assistance is without merit.

D.    Sentencing Error

Petitioner contends that the trial court's imposition of the upper term for count 1 was in error and she should have received the middle term. (Petition, at 6.)

Petitioner's claim appears to arise from the Supreme Court's holding in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004), that the "statutory maximum" for *Apprendi* purposes is the "maximum" sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant. In other words, the relevant "statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional facts." Id. at 303-304.

   1.    Waiver Of Claim By Failure To Object

As an initial matter and fatal to Petitioner's claim is the fact that she failed to object to her sentence at the trial court level. See United States v. Booker, 543 U.S. 220, 268 (2005) ("we expect reviewing courts to apply ordinary prudential doctrines, determining, for example, whether the issue was *raised below* and whether it fails the 'plain-error' test.") (emphasis added).

If there is a failure to object to a particular action, the Supreme Court has found that such act cannot form the basis of a Constitutional violation.  See Peretz v. United States, 501 U.S. 923, 936-937 (1991); United States v. Gagnon, 470 U.S. 522, 527-529 (1985); see also Estelle v. Williams, 425 U.S. 501, 508 (1976).  This rule applies equally to jury-based constitutional claims.  See United States v. Cotton, 535 U.S. 625, 634 (2002) ("The important role of the petit jury did not, however, prevent us in *Johnson* [v. *United States*, 520 U.S. 461 (1997)] from applying the longstanding rule 'that a constitutional right may be forfeited in . . . criminal as well as civil cases by the failure to make timely assertion of the right. . . .' *Yakus v. United States*, 321 U.S. 414, 444 [] (1944).").

At the time Petitioner filed her state petition for writ of habeas corpus in the Superior Court, she was clearly aware of her sentence pursuant to the plea of guilt.  Indeed, Petitioner entered into the plea agreement with full knowledge of all relevant facts-that she would receive the upper term in exchange for substantial benefits.  Such action amounted to a lack of objection, which renders the state courts' rejection of this claim objectively reasonable in light of the clearly established Supreme Court authority.  28 U.S.C. § 2254(d)(1).

  2.  <u>Lack of Merit Due To Express Agreement</u>

Notwithstanding the failure to object, Petitioner knowingly and voluntarily bargained for her sentence of 16 years and 4 months, in lieu of a substantially larger sentence, if convicted after a jury trial.  (See Lodged Doc. No. 10 at 1["I further understand that my plea will allow me to avoid the potential mandatory sentence of 15 years to life in prison without possibility of parole . . ."].)  The Constitution does not prevent imposing, as a consequence of a plea, the very circumstance which the defendant agreed as part of the plea.  *Cf*. Ricketts v. Adamson, 483 U.S. 1, 4-12 (1987) (entering into plea agreement, when agreement specified what consequences would occur upon breach of agreement, must be deemed complete waiver of constitutional rights allegedly inconsistent with such consequences, despite absence of evidence of defendant's specific intent to make a waiver of those rights).

With the exception of prior convictions, the Constitution grants a criminal defendant the "right to demand" that a jury find the fact(s) which are essential to the punishment.  See Booker,

10

543 U.S. at 230; Blakely v. Washington, 542 U.S. at 313.  Again, Petitioner made no such demand and, to the contrary, she waived such right in lieu of the advantages she received pursuant to the plea.  It is certainly not objectively unreasonable for a state court to find that Petitioner thereby stipulated to the truth of the facts necessary for imposition of the upper-term bargained-for sentence.

### 3. Lack Of Prejudice

In any event, there can be no showing of prejudice, given that Petitioner had a prior conviction which allowed for imposition of the upper term. (Lodged Doc. No. 10 at 2.)  Thus, Petitioner cannot demonstrate that there is any likelihood the upper term would not have been imposed even if it were necessary to rely on the prior conviction, rather than her stipulation pursuant to the plea bargain.  Accordingly, Petitioner's claim fails on the merits.

### E. Conviction of Lesser Offense

Petitioner contends that the trial court erred in failing to modify the verdict to involuntary manslaughter because there was no showing of premeditation or heat of passion.

Respondent submits that this claim is procedurally defaulted because the state court decision denied the claim on an adequate and independent state procedural ground.  The California Court of Appeal's opinion was the last reasoned state court opinion, and the appellate court dismissed the case as an appeal from a nonappealable order, citing People v. Ryan, 118 Cal.App.2d at 144. (Lodged Doc. No. 5.)  In Ryan, the court held, "No appeal lies by a defendant from an order of the Superior Court denying a writ of habeas corpus." Ryan, 118 Cal.App.2d at 149.  Upon a denial by the superior court of a petition for writ of habeas corpus, a petitioner's remedy is to then file a petition for writ of habeas corpus in the court of appeal. Matter of Zany, 164 Cal. 724, 726-727 (1913).

In any event, the claim fails on the merits.  As discussed above, Petitioner's voluntary and knowing plea to voluntary manslaughter forecloses any claim that the trial court was required to reduce the charge to involuntary manslaughter. See Tollett, 411 U.S. at 267 ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of

constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea. . . ."). Accordingly, Petitioner's claim is not cognizable in this forum.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DENIED;
2. The Clerk of Court is directed to enter judgment in favor of Respondent; and,
3. The court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," i.e., when "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"; Hoffman v. Arave, 455 F.3d 926, 943 (9th Cir. 2006) (same). In the present case, the Court finds that reasonable jurists would not find it debatable that the state courts' decision denying Petitioner's petition for writ of habeas corpus were not "objectively unreasonable."

IT IS SO ORDERED.

**Dated:   July 27, 2009**                      /s/ Sandra M. Snyder
                                               UNITED STATES MAGISTRATE JUDGE